Corn, J.
This was a suit brought before a justice of the peace to recover upon a prom *323 issory note executed by defendants in error, bearing date September 1, 1887, and payable to one William Stamper, a brother of plaintiff in error. The note bore the i ndorsement: “Ray to Jesse Stamper the inside amount. Will Stamper.” The defendants, who are also defendants in error here, filed a written answer denying that plaintiff was the owner of the note, and also setting up, by way of defense, that, before any transfer of the note by the payee to plaintiff, Stephen H. Gay, defendant, was served with notice of garnishment, issued out of the justice’s court of one John'Q. Brooks, in the county of Carbon, and thereafter, under the order of the court, paid into said justice’s court the entire amount due on said promissory note, in certain suits brought against William Stamper, and that by said payment said note was discharged. The plaintiff interposed á general denial to the new matter in the answer, and a trial resulted in a judgment for plaintiff. Defendants appealed to the district court, where a jury trial was had, resulting in a verdict and judgment for the defendants. The plaintiff comes by petition in error to this court.
We are of the opinion that the answer of defendants, in so far as it denies that plaintiff was the owner of the note, in the sense of denying that he was the possessor of the beneficial interest in it at the time of the trial, or when suit was brought, presents an immaterial issue. If it was assigned by a special indorsement to him, or by indorsement in blank made by the payee in whose possession it was at the time of such indorsement, and was delivered to him by the payee, he became the legal holder of the note, and as such could sue and recover on it in his own name. Daniel, Neg. Inst. § 1181a; Bliss, Code PI. § 232. Whether William Stamper was the owner of the note at the time of the alleged proceedings in garnishment is quite a different question.
In' our view of this ease, it will be necessary for us to consider but one of the errors assigned. Evidence was offered by the defendant to show that William Stamper, the payee in the note, became indebted in Carbon county, where he resided, and subsequently left the territory, leaving his debts unpaid; that attachment suits were'instituted by his creditors before John Q. Brooks, a justice of the peace of that county, and that defendants were summoned, as garnishees, to answer concerning their indebtedness to William Stamper upon the note in question; that they answered, and, upon the order of the justice, paid into his court the full amount due upon the note, and were thereby discharged from all liability thereon. To establish this state of facts they offered in evidence a certified transcript of the justice’s docket. The certificate to the transcript was as follows: “The territory of Wyoming, county of Carbon — ss.: I do hereby certify that the above is a full and true copy from my docket of the proceedings had by and before me at my office in Carbon, Carbon county, Wyoming territory, in the above-mentioned action. Dated this 2d day of Eehruary, A. D. 1889. [Signed] John Q. Brooks, Justice of the Peace for Said County and Territory.” The introduction of the copy in evidence was objected to upon the ground, among others, that it was not properly authenticated. The proof of records may be made by a copy, and the copy may be of three kinds, and only three: (1) Exemplification; (2) copies made by an authorized officer; (3) sworn copies. 1 Greenl. Ev. § 501. It is plain that this is not an exemplification, nor a sworn copy. Is it one of the second class named, a copy made by an authorized officer, or what is called an “office copy?” That it was not made by an officer specially authorized is clear. But it is well settled in the United States that an officer having the legal custody of public records is ex officio competent to certify copies of their contents, (1 Greenl. Ev. § 507,) and, if admissible at all, it is under this rule of law. Giving this rule its widest possible scope, there must be proof of some character that John Q. Brooks, at the time of making the certificate, was the custodian of the records desired to be proved. Of this there is no evidence whatever. He does not state it in his certificate. It is not testified to by any witness. John W. Johnson, while testifying on his own behalf, was asked the question, “You may state, if you know, who was justice of the peace at Carbon at that time, in 1887 and 1888,” and answered: “I think J. Q. Brooks.” This does not tend to show that he was occupying that position Eebruary 2, 1889, the date of the certificate. By the statute, an election for justices of the peace was required to be held in November, 1888, and the offi *325 cers then alerted to enter upon their official duties on the first Monday of the January following; the terms of their predecessors expiring at that time. There is certainly no presumption of his re-election at the November election, 1888. It is true he signed himself, “Justice of the Peace for Said County and Territory;” and from this we might infer that he intended it to be understood that he was j nstice of the peace at the time of signing the certificate; but it falls far short of proof of such fact. There was no other evidence tending to show that he was justice of the peace, or custodian of these records, on February 2, 1889. The objection to this evidence should have been sustained. This, we think, is decisive of the case. There is nothing to authorize the presumption that the jury returned a verdict for the defendants upon any other theory than that the debt was discharged by reason of the defendants having paid it under the order of the justice’s court in these proceedings in garnishment. The judgment of the court below is reversed, with instructions to grant a new trial.
Yan Devanter, C. J., and Saueley, J. concurred in above opinion.